# EXHIBIT C

# EXHIBIT C – THE DUTY OF GOOD FAITH AND FAIR DEALING IS IMPLIED IN ALL CONTRACTS

| State | Authority |
|---|---|
| AZ | "The law implies a covenant of good faith and fair dealing in every contract." *Wagenseller v. Scottsdale Memorial Hospital,* 147 Ariz. 370, 383, 710 P.2d 1025, 1038 (1985); *see also* Restatement (Second) of Contracts § 205 (1981); 5 WILLISTON ON CONTRACTS § 670 at 159 (3rd ed., Jaeger ed. 1961). |
| CA | "The law implies in every contract… a covenant of good faith and fair dealing." *Wilson v. 21st Century Ins. Co.*, 42 Cal. 4th 713, 720 (Cal. 2007). |
| CO | "Under Colorado law, every contract contains an implied duty of good faith and fair dealing." § 4–1–203, C.R.S. (2005); *Amoco Oil Co. v. Ervin,* 908 P.2d 493, 498 (Colo.1995). |
| CT | "[I]t is axiomatic that the ... duty of good faith and fair dealing is a covenant implied into a contract or a contractual relationship." *Magnan v. Anaconda Industries, Inc.,* 479 A.2d 781 (1984). |
| DE | "Under Delaware law, an implied duty of good faith and fair dealing is interwoven into every contract." *Anderson v. Wachovia Mortg. Corp.*, 497 F.Supp.2d 572, 581 (D. Del. 2007). |
| FL | "Florida contract law does recognize an implied covenant of good faith and fair dealing in every contract." *QBE Ins. Corp. v. Chalfonte Condominium Apartment Ass'n, Inc.*, 2012 WL 1947863, at *6 (Fla. 2012) (citations omitted). |
| IL | "Every contract implies good faith and fair dealing between the parties to it, and where an instrument is susceptible of two conflicting constructions, one which imputes bad faith to one of the parties and the other does not, the latter construction should be adopted." *Martindell v. Lake Shore Nat. Bank*, 154 N.E.2d 683, 690 (Ill. 1958). |
| MA | "Every contract implies good faith and fair dealing between the parties to it." *T.W. Nickerson, Inc. v. Fleet Nat. Bank*, 924 N.E.2d 696, 703-704 (Mass. 2010) (citations omitted). |
| MD | "[I]n every contract there exists an implied covenant that each of the parties thereto will act in good faith and deal fairly with the others." *Food Fair Stores, Inc. v. Blumberg*, 200 A.2d 166, 174 (Md. 1964). |
| MN | "Under Minnesota law, every contract includes an implied covenant of good faith and fair dealing requiring that one party not 'unjustifiably hinder' the other party's performance of the contract." *In re Hennepin County 1986 Recyling Bond Litigation*, 540 N.W.2d 494, 502 (Minn. 1995). |
| NC | "In every contract there is an implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement." *Bicycle Transit Authority, Inc. v. Bell*, 333 S.E.2d 299, 305 (N.C.,1985) (citation and quotations omitted). |
| NJ | "Every contract contains an implied covenant of good faith and fair dealing." *Wade v. Kessler Institute*, 172 N.J. 327, 340, 798 A.2d 1251, 1259 (2002); *Bak-A-Lum Corp. v. Alcoa Bldg. Prod*., 69 N.J. 123, 129-30, 351 A.2d 349 (1976). |
| NY | "In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance." *511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153 (N.Y. 2002). |
| PA | "In Pennsylvania, a covenant of good faith and fair dealing is implied in every contract." *Kamco Indus. Sales, Inc. v. Lovejoy, Inc.*, 779 F.Supp.2d 416, 425-26 (E.D.Pa. 2011). |

| VA | "[E]very contract governed by the laws of Virginia contains an implied covenant of good faith and fair dealing." *SunTrust Mortg., Inc. v. Mortgages Unlimited, Inc.*, 2012 WL 1942056, at *3 (E.D.Va. 2012). |
|---|---|
| WA | "There is in every contract an implied duty of good faith and fair dealing." *Badgett v. Security State Bank*, 807 P.2d 356, 360 (Wash. 1991). |

# EXHIBIT D

# EXHIBIT D – LACK OF GOOD FAITH VERSUS BAD FAITH

## States Requiring Lack of Good Faith

| State | Authority | Citation |
|---|---|---|
| AZ | "This duty [to act fairly and in good faith] requires that neither party do anything that prevents the other party from receiving the benefits of their agreement." | State Bar of Ariz. Civ. Jury Instructions, RAJI (Civil) 4th Contract 16. |
| | "[A] party can breach the implied covenant of good faith and fair dealing both by exercising express discretion in a way inconsistent with a party's reasonable expectations and by acting in ways not expressly excluded by the contract's terms but which nevertheless bear adversely on the party's reasonably expected benefits of the bargain." | *Bike Fashion Corp. v. Kramer*, 46 P.3d 431, 435 (Ariz. Ct. App. 2002). |
| CA | "… 4. That [name of defendant] unfairly interfered with [name of plaintiff]'s right to receive the benefits of the contract; and 5. That [name of plaintiff] was harmed by [name of defendant]'s conduct." | California Civil Jury Instructions §325. |
| | "Every contract contains an implied covenant of good faith and fair dealing providing that no party to the contract will do anything that would deprive another party of the benefits of the contract. The implied covenant protects the reasonable expectations of the contracting parties based on their mutual promises. The scope of conduct prohibited by the implied covenant depends on the purposes and express terms of the contract. Although breach of the implied covenant often is pleaded as a separate count, a breach of the implied covenant is necessarily a breach of contract." | *Digerati Holdings, LLC v. Young Money Entertainment, LLC*, 123 Cal.Rptr.3d 736, 745 (Cal.App. 2011) (internal quotations and citations omitted). |
| CO | "A party performs a contract in good faith when (his) (her) (its) actions are consistent with the agreed common purpose and with the reasonable expectations of the parties. The duty of good faith and fair dealing is breached when a party acts contrary to that agreed common purpose and the parties' reasonable expectations." | Colorado Model Civil Jury Instructions §30:15. |
| | "The good faith performance doctrine is generally used to effectuate the intentions of the parties or to honor their reasonable expectations. … The duty of good faith and fair dealing applies when one party has discretionary authority to determine certain terms of the contract, such as quantity, price, or time. The covenant may be relied upon only when the manner of performance under a specific contract term allows for discretion on the part of either party. However, it will not contradict terms or conditions for which a party has bargained." | *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 498-99 (Colo. 1995) (internal citations omitted). |
| DE | "In order to plead successfully a breach of an implied covenant of good faith and fair dealing, the plaintiff must allege a specific implied contractual obligation, a breach of that obligation by the defendant, and resulting damage to the plaintiff." | *Fitzgerald v. Cantor*, No. 16297-NC, 1998 Del. Ch. LEXIS 212, at *4 (Del. Ch. Nov. 10, 1998). |

1048862.2

| | | |
|---|---|---|
| FL | "Every contract includes, in addition to its written provisions, a duty of good faith and fair dealing implied by law. Pursuant to this duty, a party to a contract is required to perform [his/her/its] contract duties in good faith and in a manner that will protect the other party's reasonable expectations under the contract. This implied duty is as binding as the written or spoken words of the contract."<br><br>"Florida contract law does recognize an implied covenant of good faith and fair dealing in every contract. This covenant is intended to protect the reasonable expectations of the contracting parties in light of their express agreement. However, there are two limitations on such claims: (1) where application of the covenant would contravene the express terms of the agreement; and (2) where there is no accompanying action for breach of an express term of the agreement. A duty of good faith must relate to the performance of an express term of the contract and is not an abstract and independent term of a contract which may be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements." | 1-32 Florida Forms of Jury Instruction § 32.65.<br><br>*QBE Ins. Corp. v. Chalfonte Condo. Apt. Ass'n*, 2012 Fla. LEXIS 1063, at *16-17 (Fla. May 31, 2012) (internal quotations and citations omitted). |
| IL | "Claims revolving around a duty of good faith and fair dealing occur when one party is given broad discretion in performing its obligations under the contract. The duty is implied in every contract and requires a party vested with contractual discretion to exercise it reasonably, and not arbitrarily, capriciously, or in a manner inconsistent with the reasonable expectations of parties. Its purpose is to ensure that parties do not take advantage of each other in a way that could not have been contemplated at the time the contract was drafted or do anything that will destroy the other party's right to receive the benefit of the contract." | *RBS Citizens, Nat. Ass'n v. RTG-Oak Lawn, LLC*, 943 N.E.2d 198, 206-207 (Ill. App. 2011) (internal quotations and citations omitted). |
| MA | "The implied covenant of good faith and fair dealing means that neither party may do anything that will have the effect of destroying or injuring the right of the other party to receive the benefits of the contract. … The implied covenant of good faith and fair dealing only governs conduct of parties after they have entered into a contract; without a contract, there is no covenant to be breached. … There is no requirement that bad faith be shown; instead, the plaintiff has the burden of proving a lack of good faith. The lack of good faith can be inferred from the totality of the circumstances." | Mass. Sup. Ct. Civ. Prac. Jury Instructions § 14.3.1. |
| MD | "[T]he obligation of good faith and fair dealing requires a party exercising discretion to do so in accordance with the reasonable expectations of the other party. What constitutes a reasonable expectation, of course, depends on the language of the contract." | *Questar Builders, Inc. v. CB Flooring, LLC*, 978 A.2d 651, 675-76 (Md. 2009) (internal quotations and citations omitted). |

1048862.2

| | | |
|---|---|---|
| NC | "This Court has previously stated that where a contract confers on one party a discretionary power affecting the rights of the other, this discretion must be exercised in a reasonable manner based upon good faith and fair play. … [I]t is a basic principle of contract law that a party who enters into an enforceable contract is required to act in good faith and to make reasonable efforts to perform his obligations under the agreement." | *Area Storage, Inc. v. Old Oak Estates Cmty. Ass'n*, 2012 N.C. App. LEXIS 626, at *5-6 (N.C. Ct. App. May 15, 2012) (internal quotations and citations omitted). |
| PA | "[I]t is axiomatic that the covenant of good faith does nothing more than fill in those terms of a contract that have not been expressly stated. … [E]xamples of breaches include evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.  The covenant of good faith may also be breached when a party exercises discretion authorized in a contract in an unreasonable way." | *Phila. Plaza -- Phase II v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 2002 Phila. Ct. Com. Pl. LEXIS 14, at *18-19 (Pa. C.P. 2002) (internal quotations and citations omitted). |
| WA | A duty or good faith and fair dealing is implied in every contract. This duty requires the parties to cooperate with each other so that each may obtain the full benefit of performance. However, this duty does not require a party to accept a material change in the terms of [his] [her] [its] contract.<br><br>"There is in every contract an implied duty of good faith and fair dealing.  This duty obligates the parties to cooperate with each other so that each may obtain the full benefit of performance.  However, the duty of good faith does not extend to obligate a party to accept a material change in the terms of its contract.  Nor does it inject substantive terms into the parties' contract.  Rather, it requires only that the parties perform in good faith the obligations imposed by their agreement." | Wash. Pattern Jury Instr. Civ. WPI 302.11 (6[th] Ed.).<br><br>*Badgett v. Security State Bank*, 807 P.2d 356, 360 (Wash. 1991) (internal quotations and citations omitted). |

## States Requiring Bad Faith

| State | Authority | Citation |
|---|---|---|
| CT | "The covenant of good faith and fair dealing presupposes that the terms and purpose of the contract are agreed upon by the parties and that what is in dispute is a party's discretionary application or interpretation of a contract term . … To constitute a breach of [the implied covenant of good faith and fair dealing], the acts by which a defendant allegedly impedes the plaintiffs right to receive benefits that he or she reasonably expected to receive under the contract must have been taken in bad faith." | Conn. Civ. Jury Instructions 4th Ed., at 160. |
| | "To constitute a breach of [the implied covenant of good faith and fair dealing], the acts by which a defendant allegedly impedes the plaintiff's right to receive benefits that he or she reasonably expected to receive under the contract must have been taken in bad faith." | *De La Concha of Hartford, Inc. v. Aetna Life Ins. Co.*, 849 A.2d 382, 388-89 (Conn. 2004)(citing *Alexandru v. Strong,* 81 Conn. App. 68, 80-81, 837 A.2d 875, *cert. denied*, 268 Conn. 906, 845 A.2d 406 (2004)). |

| | | |
|---|---|---|
| MN | "This Court has clearly rejected the notion that the implied covenant of good faith and fair dealing is breached only when one party to a contract makes it impossible for another party to perform. Unfortunately, on the other question -- that is, the question of whether conduct that is merely unreasonable can violate the covenant -- Minnesota courts (and federal courts applying Minnesota law) have not been entirely clear or consistent. As is discussed below, though, the substantial weight of authority is that the covenant is breached only by conduct that is dishonest or malicious or otherwise in subjective bad faith." | *BP Products North America, Inc. v. Twin Cities Stores, Inc.*, 534 F. Supp.2d 959, 965 (D.Minn. 2007) (internal quotations and citations omitted). |
| NJ | "[Y]ou must decide whether the defendant acted with bad faith to interfere with the plaintiff's right to receive the benefits of the contract. Proof of bad motive or intention is essential to a claim that the defendant has violated the covenant of good faith and fair dealing. In considering what constitutes bad faith, you should consider a number of factors, including the expectations of the parties and the purposes for which the contract was made. … In order for the plaintiff to prevail on his/her claim, you must specifically find that bad faith motivated the defendant's actions. A defendant who acts in good faith on an honest, but mistaken, belief that his/her actions were justified has not breached the covenant of good faith and fair dealing." | NJ CV JI 4.10J. |
| NY | "The covenant of good faith and fair dealing is breached when a party acts in a manner that deprives the other party of the right to receive benefits under their agreement. … [E]ven an explicitly discretionary contract right may not be exercised in bad faith so as to frustrate the other party's right to the benefit of the agreement." | PJI 4:1 774-776. |
| VA | "[T]he elements of a claim for breach of an implied covenant of good faith and fair dealing are (1) a contractual relationship between the parties, and (2) a breach of the implied covenant. The duty of 'good faith' defies a fast and true definition. At minimum, however, it includes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party to a contract. This duty of good faith and fair dealing prohibits a party from acting arbitrarily, unreasonably, and in bad faith. It also prohibits one party from acting in such a manner as to prevent the other party from performing its obligations under the contract." | *SunTrust Mortg., Inc. v. Mortgs. Unlimited, Inc.*, No. 3:11-cv-861, 2012 U.S. Dist. LEXIS 74106, *8-9 (E.D. Va. May 29, 2012) (internal quotations and citations omitted). |

# EXHIBIT E

# EXHIBIT E – THE DUTY OF GOOD FAITH AND FAIR DEALING APPLIES WHEN A PARTY EXERCISES UNLIMITED DISCRETION UNREASONABLY

| State | Authority |
|---|---|
| AZ | The implied covenant of good faith and fair dealing may be breached when a party's exercise of discretion expressly granted by the contract "in a way inconsistent with [the other] party's reasonable expections." *Bike Fashion Corp. v. Kramer*, 46 P.3d 431, 435 (Ariz. App. 2002). |
| CA | "[D]iscretionary powers must be exercised in good faith; in other words, when discretionary powers are vested in one party, an implied term of the contract provides that such powers will not be exercised arbitrarily or in disregard of the purposes of the contract and the interests of the other party." *Cal. Lettuce Growers v. Union Sugar Co.*, 45 Cal.2d 474, 484 (1955); *Mission Ins. Group, Inc. v. Merco Construction Engineers, Inc.*, 147 Cal.App.3d 1059 (1983). |
| CO | "When one party uses discretion conferred by the contract to act dishonestly or to act outside of accepted commercial practices to deprive the other party of the benefit of the contract," the covenant of good faith and fair dealing is breached. *Wells Fargo Realty Advisor Funding Inc. v. Uioli, Inc.,* 872 P.2d 1359 (Colo. App. 1994). |
| CT | "The covenant of good faith and fair dealing presupposes that the terms and purpose of the contract are agreed upon by the parties and that what is in dispute is a party's discretionary application or interpretation of a contract term." *De La Concha of Hartford, Inc. v. Aetna Life Ins. Co.*, 849 A.2d 382, 387 (Conn. 2004). |
| DE | "When a contract confers discretion on one party, the implied covenant requires that the discretion be used reasonably and in good faith." *Airborne Health, Inc. v. Squid Soap, LP*, 984 A.2d 126, 146-47 (Del.Ch. November 23, 2009) (collecting cases at n.1). |
| FL | The implied covenant "is usually raised when a question is not resolved by the terms of the contract or when one party has the power to make a discretionary decision without defined standards. This 'discretion' concept applies only where there is an express contractual duty or obligation over which one party has sole discretion." *Meruelo v. Mark Andrew of Palm Beaches, Ltd.*, 12 So.3d 247, 251 (Fla.App. 2009) (citations and internal quote marks omitted). |
| IL | The duty is not implicated in a dispute unless it arises from the unreasonable exercise of discretion or an ambiguous contract term. *RBS Citizens, N.A. v. Sanyou Import, Inc.*, 2011 WL 4790936, at *2 (N.D. Ill. 2011). |
| MA | "[Defendant's] use of a discretionary right under the agreements as a pretext justifies the judge's ruling that [Defendant] breached the covenant of good faith and fair dealing." *Anthony's Pier Four, Inc. v. HBC Assocs.*, 583 N.E.2d 806 (Mass. 1991). |
| MD | "While the covenant of good faith and fair dealing applies to situations in which a party affirmatively exercises the discretion accorded to it under the contract, Maryland law recognizes an implied duty of good faith and fair dealing in all contracts." *Tribalco, LLC v. Hue Tech. Inc.*, No. 11-935, 2011 U.S. Dist. LEXIS 96106, at *13 (D. Md. Aug. 26, 2011). |
| MN | A breach of the covenant also occurs when a "party does not use good faith in exercising an unlimited discretionary power over a term of the contract." *Daigle v. Ford Motor Co.*, 713 F.Supp.2d 822, 828 (D. Minn. 2010) (citations omitted). |
| NC | "Where a contract confers on one party a discretionary power affecting the rights of the other, this discretion must be exercised in a reasonable manner based upon good faith and fair play." *Mezzanotte v. Freeland*, 200 S.E.2d 410, 414 (N.C. App. 1973). |

1048868.1

| NJ | "A party exercising its right to use discretion in setting price under a contract breaches the duty of good faith and fair dealing if that party exercises its discretionary authority arbitrarily, unreasonably, or capriciously, with the objective of preventing the other party from receiving its reasonably expected fruits under the contract. Such risks clearly would be beyond the expectations of the parties at the formation of a contract when parties reasonably intend their business relationship to be mutually beneficial. They do not reasonably intend that one party would use the powers bestowed on it to destroy unilaterally the other's expectations without legitimate purpose." *Wilson v. Amerada Hess Corp.,* 168 N.J. 236, 251 (N.J. 2001). |
|---|---|
| NY | The implied covenant embraces a pledge that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. … Where the contract contemplates the exercise of discretion, this pledge includes a promise not to act arbitrarily or irrationally in exercising that discretion." *Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384, 389 (1995). |
| PA | "The covenant of good faith may be breached when a party exercises discretion authorized in a contract in an unreasonable way." *Phila. Plaza —Phase II v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 2002 Phila. Ct. Com. Pl. LEXIS 14 (Pa. C.P. 2002). |
| VA | "[A]lthough the duty of good faith does not prevent a party from exercising its explicit contractual *rights*, a party may not exercise contractual *discretion* in bad faith, even when such discretion is vested solely in that party." *SunTrust Mortg., Inc. v. Mortgages Unlimited, Inc.*, 2012 WL 1942056, at *3 (E.D.Va. 2012) (internal citations omitted). |
| WA | "The covenant of good faith applies when the contract gives one party discretionary authority to determine a contract term; it does not apply to *contradict* contract terms." *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 935 P.2d 628, 632 (Wash. App. 1997). |

1048868.1

# EXHIBIT F

## EXHIBIT F – ALL STATES TO CONSIDER THE QUESTION HAVE CONCLUDED THAT THE VOLUNTARY PAYMENT DOCTRINE IS ONLY APPLICABLE WHERE THE PLAINTIFF HAS FULL KNOWLEDGE OF THE FACTS

| State | Authority |
|---|---|
| AZ | The voluntary payment doctrine only applies where "payments [are] made with [] full knowledge of the facts, and where no misleading practice has been employed, [and thus] are deemed voluntary and cannot later be recovered from the party to whom they were paid." *CLN Props. v. Republic Servs.*, No. CV-09-1428-PHX-DGC, 2010 U.S. Dist. LEXIS 135953 (D. Ariz. Dec. 9, 2010). |
| CA | The voluntary payment doctrine only applies where money "was voluntarily paid with full knowledge of the facts" *Fradis v. Savebig.com*, No. CV 11-07275 GAF (JCx), 2011 U.S. Dist. LEXIS 154915 (C.D. Cal. Dec. 2, 2011) (citations and quotations omitted). |
| CO | Colorado has not had the occasion to visit this issue. |
| CT | "The voluntary payment doctrine is a bar to the recovery of damages for payments voluntarily made with full knowledge of the facts." *Waterbury Hosp. v. U.S. Foodservice Inc.* (*In re U.S. Foodservice Inc. Pricing Litig.*), Nos. 3:07-md-1894, 3:06-cv-1657, 3:08-cv-4, 3:08-cv-5 (CFD), 2011 U.S. Dist. LEXIS 138238 (D. Conn. Nov. 29, 2011) (citations and quotations omitted). |
| DE | "The voluntary payment rule could not be applied if a plaintiff presented a viable claim of common-law or consumer fraud, such that it could not be said that the plaintiff paid for services with 'full knowledge' of the material facts." *Nieves v. All Star Title, Inc.*, No. N10C-03-191 PLA, 2010 Del. Super. LEXIS 319 (Del. Super. Ct. July 27, 2010). |
| FL | The voluntary payment doctrine only applies where money is "voluntarily paid upon claim of right, with full knowledge of all the facts." *City of Key West v. Fla. Keys Cmty. College*, 81 So. 3d 494 (Fla. Dist. Ct. App. 3d Dist. 2012) (citations and quotations omitted); *see also Ruiz v. Brink's Home Sec., Inc.*, 777 So. 2d 1062, 1064 (Fla. Dist. Ct. App. 2d Dist. 2001); *City of Miami v. Keton*, 115 So. 2d 547, 551 (Fla. 1959). |
| IL | Under the voluntary payment doctrine, "neither money paid under a claim of right with full knowledge of the underlying facts and absent coercion, fraud or a superior bargaining position by the transferee nor money paid under a mistake of law is recoverable." *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 491(1994). "The rule is that in the absence of fraud, misrepresentation, or mistake of fact money voluntarily paid under a claim of right to the payment, with full knowledge of the facts by the person making the payment, cannot be recovered unless the payment was made under circumstances amounting to compulsion." *Id.* at 497. |
| MA | The voluntary payment doctrine only applies where money is voluntarily paid with "full knowledge of the facts and without fraud, concealment or compulsion." *Blay v. Zipcar, Inc.*, 716 F. Supp. 2d 115, 124 (D. Mass. 2010). |
| MD | Maryland has not had the occasion to visit this issue. |
| MN | The voluntary payment doctrine provides that "money paid voluntarily, with full knowledge of the facts, cannot be recovered back." *Joannin v. Ogilvie*, 49 Minn. 564, 52 N.W. 217, 217 (Minn. 1892). |

1048836.1

| | |
|---|---|
| NC | "North Carolina's voluntary payment doctrine stands for the simple principle that 'the voluntary payment of money by a person who has full knowledge of all the facts can not [sic] be recovered.'" *Johnson v. Sprint Solutions, Inc.*, 357 Fed. Appx. 561, 563 (4th Cir. N.C. 2009) (applying North Carolina Law) (citing *Guerry v. American Trust Co.*, 234 N.C. 644, 68 S.E.2d 272, 274 (N.C. 1951)). |
| NJ | The voluntary payment doctrine provides that "where a party, without mistake of fact, or fraud, duress or extortion, voluntarily pays money on a demand which is not enforcible [sic] against him, he cannot recover it back." *Matter of New Jersey State Bd. of Dentistry*, 84 N.J. 582, 423 A.2d 640, 643 (N.J. 1980) (quoting *City of Camden v. Green*, 54 N.J.L. 591, 25 A. 357, 358 (N.J. 1892)). |
| NY | "[The] voluntary payment doctrine [is] not applicable when [a] claim is predicated on lack of full disclosure." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 73 (2d Cir. 2009) (applying New York law) (quotation marks and citation omitted). |
| PA | "Where, under a mistake of law, one voluntarily and without fraud or duress pays money to another with full knowledge of the facts, the money paid cannot be recovered." *Wayne M. Chiurazzi Law Inc. v. MRO Corp.*, 27 A.3d 1272, 1281 (Pa. Super. Ct. 2011) (citations and quotations omitted). |
| VA | Under the voluntary payment doctrine, "a person is not entitled to recover money that he paid voluntarily with full knowledge of the facts, or with the means of such knowledge, when the payment or charge subsequently turned out to be unauthorized by law." *Bova v. Cox Communs., Inc.*, No. 7:01CV00090, 2002 U.S. Dist. LEXIS 4084 (W.D. Va. Mar. 12, 2002). |
| WA | "The general rule that a voluntary payment cannot be recovered back has no application where the payment was induced by fraud on the part of the payee, for, subject to the general rules as to what constitutes fraud, it is a well settled rule that, where a payment of money which the payee ought not to retain is induced by fraud and deceit, it may be recovered back by the payor, and if the fraud is the inducement for the payment, the rule applies although it is not the sole producing cause." *Indoor Billboard/Washington, Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 85 (Wash. 2007) (citations and quotations omitted). |

1048836.1

# EXHIBIT G

**EXHIBIT G – STATE CONSUMER PROTECTION LAWS AT ISSUE**

| State | Consumer Protection Statute |
|---|---|
| CA | California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; California Consumers' Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* |
| CO | Colorado Consumer Protection Act, Col. Rev. Stat. § 6-1-101, *et seq.* |
| CT | Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. Ann. §§ 42-110b, *et seq.* |
| DE | Delaware Consumer Fraud Act. 6 Del. Code § 2511, *et seq.* |
| FL | Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.* |
| IL | Illinois Consumer Fraud Act, 815 ILCS 505/1, *et seq.* |
| MA | Massachusetts Regulation of Business Practice and Consumer Protection Act, Mass. Gen. L. ch. 93A, *et seq.* |
| MN | Minnesota Consumer Fraud Act, Minn. Stat. § 325F.68-69; Minnesota False Advertising Act, Minn. Stat. § 325F.67. |
| NJ | New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, *et seq.* |
| NY | New York State Gen. Bus. Law, § 349. |
| WA | Washington Consumer Protection Act, Wash. Rev. Code 19.86.010, *et seq.* |

1048838.2