ROSENTHAL, MONHAIT & GODDESS, P. A.
ATTORNEYS AT LAW
SUITE 1401, 919 MARKET STREET
P. O. BOX 1070
WILMINGTON, DELAWARE 19899-1070

NORMAN M. MONHAIT
JEFFREY S. GODDESS
CARMELLA P. KEENER
EDWARD B. ROSENTHAL
JESSICA ZELDIN
P. BRADFORD deLEEUW

RETIRED PARTNER
JOSEPH A. ROSENTHAL

TELEPHONE (302) 656-4433
FACSIMILE (302) 658-7567

July 26, 2012

**VIA E-FILING/ HAND DELIVERY**

The Honorable Leonard P. Stark
United States District Court
844 N. King Street, Unit 26
Wilmington, DE 19801

Re:  *Yarger, et al. v. ING Bank fsb,*
Civil Action No. 11-154 LPS

Dear Judge Stark:

I write pursuant to your July 25, 2012 Order to address this Court's recent decision denying class certification in *O'Gara v. Countrywide Home Loans, Inc.*, No. 08-113, 2012 U.S. Dist. LEXIS 96698 (D. Del. July 12, 2012), and the Third Circuit's subsequent opinion affirming class certification in *In re K-Dur Antitrust Litig.*, No. 10-2077, 2012 U.S. App. LEXIS 14527 (3d Cir. N.J. July 16, 2012).  (D.I. 96.)  Plaintiffs respectfully submit that there are critical differences between *O'Gara* and this case that compel different outcomes, and that *K-Dur* supports Plaintiffs' motion for class certification, particularly with respect to damages issues.

### Plaintiffs Seek *Separate* Certification of Injunctive Relief Under Rule 23(b)(2) and Damages Under Rule 23(b)(3).

In *O'Gara*, this Court denied plaintiffs' request to certify the class under Rule 23(b)(2) because "the Proposed Class's claims for monetary damages are not incidental to injunctive relief."  *O'Gara*, 2012 U.S. Dist. LEXIS 96698 at *18 (citing *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2557 (2011)).  Here, by contrast, Plaintiffs seek certification of their injunctive relief claim *only* under Rule 23(b)(2), and they seek *separate* certification of their damages claims under Rule 23(b)(3).  In other words, Plaintiffs do not seek certification of any damages claims under Rule 23(b)(2).  Separate certification of injunctive relief under 23(b)(2) and damages under 23(b)(3) does not run afoul of *Dukes*, and is routine and appropriate:

> *Wal-Mart* does not forbid Rule 23(b)(2) certification for declaratory relief simply because parties may use that relief as a predicate for monetary damages, particularly when [plaintiffs also seek] monetary certification under Rule 23(b)(3).

*Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 433 (6th Cir. 2012).

That is also consistent with Rule 23(c)(4), which expressly permits certification of some claims or issues but not others.  *See Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 453 (3d Cir. 1977)

The Hon. Leonard P. Stark
May 21, 2012
Page 2

("Even assuming that the court were correct in its conclusion that [one claim] is not appropriate for class determination, it nevertheless should have considered certification of the [other] claim under Rule 23(c)(4)(A)."); *Gunnells v. Healthplan Servs.*, 348 F.3d 417, 443 (4th Cir. 2003) ("wealth of authority" that court may certify specific claims or issues).

### **Individualized Damages Inquiries Are Not Necessary Here.**

In *O'Gara*, this Court denied certification in part because damages could not "be determined by a formula on a class-wide basis" because class members there "would be entitled to different amounts of monetary damages based on the specific amount that they were overcharged for attorneys' fees and costs." *O'Gara*, 2012 U.S. Dist. LEXIS 96698 at *18, 24-25. This difficulty was compounded because the Court found that this inquiry required "individualized evidence of the services performed by outside foreclosure counsel on each class member's case and an analysis of each counsel's hourly billing rate." *Id.* at *24-25.

No comparable individualized analysis is necessary here. Rather, damages can be calculated from ING's internal data, which shows when Class members purchased their mortgages (and thus whether the $500 or $750 Rate Renew promise applied), how much each Class member was actually charged, and if and when each Class member was denied Rate Renew due to after-imposed qualifications. Plaintiffs' damages expert can model this data to account for each category: those that paid over-and-above $500 or $750, and those that could not Rate Renew and either stayed with ING or refinanced elsewhere. (D.I. 51 at 2; *see also* D.I. 90, at 19 (explaining that damages are realized when Class members either Rate Renew for a higher-than-advertised price or are denied an attempted Rate Renew because of undisclosed eligibility requirements)). Thus, no individualized analysis is necessary, as damages can be addressed on a class-wide and/or formulaic basis. (*See* D.I. 84 at 14-15; D.I. 45 at 26-27.)

As importantly, the Third Circuit's opinion in *K-Dur* has now clarified *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305 (3d Cir. 2008) in a manner Plaintiffs respectfully submit supports certification even if damages could not be calculated on a classwide or formulaic basis. The Court held that certification is appropriate when individualized questions relate to the "quantum of damages, rather than the fact of injury." *In re K-Dur*, 2012 U.S. App. LEXIS 14527 at *60; *see also In re Chiang*, 385 F.3d 256, 273 (3d Cir. 2004) ("[I]t is settled law that the necessity for proving damages individually does not defeat class predominance or class certification." ); *Bogosian*, 561 F.2d at 456 ("It has been commonly recognized that the necessity for calculation of damages on an individual basis should not preclude class determination . . . ."); *accord In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 678 F.3d 409, 421 (6th Cir. 2012) (affirming certification of a liability only class).

Plaintiffs respectfully submit that *Chudner v. Transunion Interactive, Inc.*, No. 09-CV-433-ER, 2010 U.S. Dist. LEXIS 141052 (D. Del. Dec. 15, 2010), upon which this Court relied in *O'Gara* and previously cited by ING, is of questionable validity in light of *In re K-Dur*.[1]

---

[1] Indeed, defendants in *K-Dur*, like ING, argued that under *Hydrogen Peroxide* "because of discrepancies in the pricing of K-Dur and variations in purchaser behavior, plaintiffs cannot

*Footnote continued on next page*

The Hon. Leonard P. Stark
May 21, 2012
Page 3

### Determining ING's Liability Does Not Require Individualized Analysis.

In *O'Gara*, this Court also determined that it was necessary on the facts and claims there to conduct an individualized inquiry before the defendant's *liability* (there, breach of contract) could be determined. That was so because liability as to each individual turned upon whether "what each class member paid and what services outside foreclosure counsel performed related to that class member's case," was "reasonable[]." *O'Gara*, 2012 U.S. Dist. LEXIS 96698 at *22. The Court found it "necessary to examine the specific services that outside counsel performed in connection with each foreclosure proceeding, which will vary from class member to class member," as well as "to assess whether each individual attorneys' billing rate and hours expended were reasonable, an inquiry involving individual factual questions which must be answered with individualized proof." *Id.*

Here, no comparable individualized inquiry is required to establish ING's liability. In particular, there is no need under any of Plaintiffs' claims (or any of ING's potential defenses) to consider whether ING's conduct or the value of its product or services was "reasonable[]" at all, much less as to individual Class members: ING promised a flat-rate Rate Renew, then charged more than was promised or refused to honor Rate Renew because of later-imposed qualifications. ING, moreover, has all but admitted liability in this case; it just does not want to provide relief on a class-wide basis.

Finally, *K-Dur* resolves an issue about which this Court inquired at oral argument: what if there are some Class members who actually benefitted from ING's change to Rate Renew? The Third Circuit squarely rejected the argument that such facts defeat class certification: "requiring plaintiffs to show that no class member benefitted from the challenged conduct in the form of greater profits is contrary to the Supreme Court's decision in *Hanover Shoe*." *Id.* at *64-65 (citing *Hanover Shoe, Inc. v. United Shoe Machinery Corporation*, 392 U.S. 481 (1968)).

\*   \*   \*

For these reasons, Plaintiffs respectfully submit that the facts and claims in this case compel a different outcome than *O'Gara* and that *K-Dur* demonstrates that potentially-individualized damages issues do not defeat class certification.

Respectfully submitted,

Jeffrey S. Goddess (No. 630)

JSG/cmw
cc:   All counsel (via ECF & e-mail)

---

*Footnote continued from previous page*
prove injury to all class members by common evidence," and "an individualized assessment" would be necessary. The Third Circuit rejected that argument. *In re K-Dur*, 2012 U.S. App. LEXIS 14527 at *59.