ROSENTHAL, MONHAIT & GODDESS, P. A.
ATTORNEYS AT LAW
SUITE 1401, 919 MARKET STREET
P. O. BOX 1070
WILMINGTON, DELAWARE 19899-1070

NORMAN M. MONHAIT
JEFFREY S. GODDESS
CARMELLA P. KEENER
EDWARD B. ROSENTHAL
JESSICA ZELDIN
P. BRADFORD deLEEUW

RETIRED PARTNER
JOSEPH A. ROSENTHAL

TELEPHONE (302) 656-4433
FACSIMILE (302) 658-7567

July 27, 2012

The Honorable Leonard P. Stark
United States District Court
844 N. King Street, Unit 26
Wilmington, DE 19801

    Re:    *Yarger, et al. v. ING Bank fsb*, C.A. No. 11-154-LPS

Dear Judge Stark:

    I write in response to ING's July 26, 2012 letter.

**Plaintiffs Need Not Prove Reliance.**

    ING's continued assertion that Plaintiffs' claims are subject to individualized questions of reliance is wrong. The Delaware Consumer Fraud Act ("DCFA") has *no* reliance requirement. *See, e.g., Johnson v. GEICO Cas. Co.*, 673 F. Supp. 2d 255, 276 (D. Del. 2009); *Eames v. Nationwide Mut. Ins. Co.*, 412 F. Supp. 2d 431, 437 (D. Del. 2006); *see also* D.I. 45, at 23 n. 71 (collecting cases). Should the Court decline to apply the DCFA to all Class members, Plaintiffs seek certification of consumer protection act claims solely in states that do not require individual proof of reliance. *See In re Pharm. Indus. Average Wholesale Price Litig.*, 252 F.R.D. 83, 98-99 (D. Mass. 2008); *see also Massachusetts Mutual Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1293-94 (Cal. App. 4th Dist. 2002). The only claim that even arguably implicates reliance is the common law fraud claim. For that reason, Plaintiffs clarified that they seek certification of that claim only if the Court determines it can apply Delaware law,[1] under which class-wide reliance can be presumed. *Spark v. MBNA Corp.*, 178 F.R.D. 431, 435 (D. Del. 1998); *see also Broder v. MBNA Corp.*, 281 A.D.2d 369, 370-371 (N.Y. App. Div. 1st Dep't 2001) (citing *Spark* and affirming certification of Delaware breach of good faith claim).

**Plaintiffs' Individual Relationships with ING are Not Relevant.**

    ING's argument that Class members' "individual relationships" with ING, including oral representations, are relevant in this case is also misplaced. For example, the elements of Plaintiffs' DCFA claim are: (1) ING's false representation of important facts (or omission of the same) in its ads; (2) ING's intent that Plaintiffs rely on those ads; and (3) resulting damages. *See Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983); *see also* D.I. 46, Ex. 2 (Trial Structure) at 1-2. Plaintiffs' DCFA claim (as well as their alternative claim under the

---

[1] D.I. 90, at 5, n.4 (common law fraud claim is appropriate for multi-state/nationwide certification only if Court applies Delaware law to entire class).

July 27, 2012
Page 2

consumer protection statutes of ten additional states) are based on ING's written ads that uniformly tout Rate Renew as a key feature of ING mortgages, and fail to disclose that the cost would change or that eligibility requirements would be added. D.I. 87, Ex. B (compiling Rate Renew ads); *see also* D.I. 90 at 17-19 (listing specific evidence Plaintiffs will use to support their consumer fraud claim). None of these elements is based upon anything spoken by ING. *See* D.I. 84 at 10-11 (explaining that Plaintiffs' claims are not based on oral representations and that, in any event, all of ING's customer service reps "sang the same song"). Similarly, Plaintiffs' claims for breach of implied covenant of good faith and fair dealing and unjust enrichment (and promissory estoppel) do not implicate individual relationships or any of ING's oral communications. *See* D.I. 90, at 14-16; *see also* D.I. 46, Ex. 2 (Trial Structure) at 3-4.

### ING's Attempts to Distinguish *K-Dur* Fail.[2]

ING's attempts to distinguish *In re K-Dur Antitrust Litig.*, No 10-2077, 2012 U.S. App. LEXIS 14527 (3d Cir. N.J. July 16, 2012) all would apply with equal or more force to — and require this Court to simply ignore — the Third Circuit's opinion in *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283 (3d Cir. 1998)[3]:

- *Prudential* involved "the use of substantially similar, and sometimes identical, oral and written misrepresentations by Prudential," made in many instances through intermediary insurance brokers, in furtherance of multiple fraudulent schemes to a class comprised of *millions* of insurance purchasers nationwide under the law of all fifty states. *Id.* at 289; 302; 310, n.48; 346.

- *Prudential* explained that, for purposes of class certification, claims like those here do not require individualized analysis of consumer behavior, even as to common law fraud, where, to the extent reliance is required, such reliance can be presumed and it does not "rule out a finding of predominance" for that claim. *Id.* at 315.

### Plaintiffs are Not Subject to Unique Defenses.

"To defeat class certification, a defendant must show some degree of likelihood a unique defense will play a significant role at trial." *Beck v. Maximus, Inc.*, 457 F.3d 291, 300 (3d Cir. 2006). Setting aside that the Voluntary Payment Doctrine does not apply on these facts at all, *see* D.I. 95, Ex. F, it is *not* a unique defense. It is a common defense that either will or will not apply to *all* Class members from a particular state. Nor is the presence of a mortgage broker unique or relevant. A significant portion of the Class bought through brokers, and ING cannot absolve itself of liability because of the mere fortuity that its fraud was communicated in some instances through an intermediary. *See In re Prudential*, 148 F.3d at 310; *see also* D.I. 90 at 13 n.13 (citing cases); *cf.* D.I. 84 at 5-6 (explaining that presence of a broker is irrelevant to Plaintiffs claim under the DCFA because it does not require any showing that Plaintiffs actually saw the misrepresentations).

---

[2] That *K-Dur* is an antitrust case is of no real import. So is *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 312 (3d Cir. 2008), upon which ING previously relied.
[3] That *Prudential* involved a settlement class also is irrelevant, as it expressly held that its predominance analysis was – and must be – no different than for a litigation class. *Id.* at 314.

July 27, 2012
Page 3

Respectfully submitted,

Jeffrey S. Goddess (No. 630)

cc:      All counsel (via ECF & e-mail)