## EXHIBIT B –
## STATE CONSUMER FRAUD LAWS AT ISSUE DO NOT REQUIRE AN INDIVIDUALIZED SHOWING OF RELIANCE

| State | Authority |
|---|---|
| CA | In analyzing reliance under *both* the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 and the Consumers' Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 , the California Court of Appeals has found that liability "may be found without any individualized proof of deception and solely on the basis a defendant's conduct was likely to deceive consumers." *Mass. Mutual Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1289 (Cal. App. 4th Dist. 2002); *see also In re Tobacco II Cases*, 207 P.3d 20, 39-40 (Cal. 2009); *Steroid Hormone Product Cases*, 181 Cal. App. 4th 145, 156-57 (Cal. App. 2d Dist. 2010). "California courts have repeatedly held that relief under the UCL is available without individualized proof of deception, reliance and injury." *Mass. Mutual*, 97 Cal. App. 4th at 1288 (citing cases). And under the CLRA the "general rule permit[s] common reliance where material misstatements have been made to a class of plaintiffs." *Id.* at 1294. |
| CO | Under Colorado Consumer Protection Act, Col. Rev. Stat. § 6-1-101, *et seq.*, reliance may be presumed based on evidence common to the class. *Bp Am. Prod. Co. v. Patterson*, 263 P.3d 103, 110 (Colo. 2011); *see also Garcia v. Medved Chevrolet, Inc.*, 263 P.3d 92, 99 (Colo. 2011) ("Courts have certified consumer fraud class-actions where causation can be established with circumstantial evidence common to a class, i.e. without direct evidence of reliance by individual consumers."); *cf id.* at 100 ("[A] trial court must rigorously analyze the evidence presented to determine whether the evidence supports a class-wide inference of causation."). |
| CT | A Connecticut Unfair Trade Practices Act (Conn. Gen. Stat. Ann. §§ 42-110b, *et seq.*) claim does not include reliance as a necessary element. *See Hinchcliffe v. American Motors Corp.*, 440 A.2d 810, 815-16 (Conn. 1981) ("The CUTPA plaintiff need not prove reliance or that the representation became part of the basis of the bargain."); *see also Gold v. University of Bridgeport School of Law*, 562 A.2d 570, 571-72 (Conn. App. Ct. 1989) ("The distinction between CUTPA and fraudulent misrepresentation is that while the plaintiff must prove reliance on an alleged fraudulent misrepresentation, reliance is not an element of a CUTPA claim."). Rather, as the Connecticut Supreme Court set out in *Caldor, Inc. v. Heslin*, 577 A.2d 1009 (Conn. 1990), actionable deception will be found when there is "(1) [a] representation, omission or other practice likely to mislead consumers; (2) [c]onsumers . . . interpret the message reasonably under the circumstances; and (3) [t]he misleading representation, omission or practice must be material–that is, likely to affect consumer decisions or conduct." *Id.* at 1013; *see also Smithfield Assocs., L.L.C. v. Tolland Bank*, 860 A.2d 738, 749 (Conn. App. Ct. 2004). |
| DE | "While a fraud action at common law requires the plaintiff to prove reliance, there is no corresponding reliance requirement in 6 Del. C. § 2513 [the Delaware Consumer Fraud Act]." *S&R Assocs., L.P. v. Shell Oil Co.*, 725 A.2d 431, 440 (Del. Super. Ct. 1998); *see also Johnson v. GEICO Cas. Co.*, 673 F. Supp. 2d 255, 276 (D. Del. 2009) (finding that plaintiffs need not prove individual reliance under 6 Del. C. § 2513); *Eames v. Nationwide Mut. Ins. Co.*, 412 F. Supp. 2d 431, 437 (D. Del. 2006) (violation of the DCFA occurs regardless of whether actual reliance is shown); *Nieves v. All Star Title, Inc.*, 2010 Del. Super. LEXIS 319, at *13 (Del. Super. Ct. July 27, 2010) ("Consumer fraud under [the DCFA] occurs 'regardless of actual reliance by the plaintiff.' (quoting *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983). |
| FL | In Florida, "a plaintiff need not prove reliance on the allegedly false statement to recover damages under FDUTPA, but rather a plaintiff must simply prove that an objective reasonable person would have been deceived." *Fitzpatrick v. General Mills, Inc.*, 635 F.3d 1279, 1283 (11th Cir. 2011); *see also James D. Hinson Elec. Contr. Co. v. BellSouth Telecomms., Inc.*, 275 F.R.D. 638, 644 (M.D. Fla. 2011) ("To establish causation and damages, a plaintiff 'need not show actual reliance on the representation or omission at issue.'" (citation omitted); *Office of Attorney Gen. v. Wyndham Int'l, Inc.*, 869 So. 2d 592 (Fla. 1st DCA 2004) ("When addressing a deceptive or unfair trade practice claim, the issue is not whether the plaintiff actually relied on the alleged practice, but whether the practice was likely to deceive a consumer acting reasonably in the same |

| | |
|---|---|
| | circumstances." (citation omitted)); *Davis v. Powertel, Inc.*, 776 So. 2d 971, 973 (Fla. 1st DCA 2000) ("A party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue."). |
| IL | The ICFA "does not require actual reliance." *Siegel v. Levy Organization Dev. Co., Inc.*, 607 N.E.2d 194, 198 (Ill. 1993); *see also Lipinski v. Martin J. Kelly Oldsmobile, Inc.*, 759 N.E.2d 66, 70 (Ill. App. Ct. 2001).  In particular, when alleging omissions or a failure to disclose, "reliance is presumed [, and no] individualized inquiry is required." *Saltzman v. Pella Corp.*, 257 F.R.D. 471, 480 (N.D. Ill. 2009), *aff'd*, 606 F.3d 391 (7th Cir. 2010); *see also IWOI, LLC v. Monaco Coach Corp.*, 581 F. Supp. 2d 994, 1002 (N.D. Ill. 2008) ("[I]t is not necessary to plead either a common law duty to disclose or actual reliance . . . . Concealment is actionable where it is employed as a device to mislead." (citations omitted)).  Any requirement that Plaintiffs plead "actual deception," *does not exist* under Illinois law; such a requirement "would eviscerate the spirit and purpose of the [Illinois] Consumer Fraud Act." *Pappas v. Pella Corp.*, 844 N.E.2d 995, 1003-04 (Ill. Ct. App. 2006) (distinguishing fraudulent misrepresentation); *see also Perez v. Citicorp Mortg., Inc.*, 703 N.E.2d 518, 523 (Ill. Ct. App. 1998) (explaining that a plaintiff may sustain a claim under the ICFA when he asserts that a concealed fact is "such that, had [he] been aware of it, he would have acted differently"). |
| MA | "[P]laintiffs need not show proof of actual reliance on a misrepresentation in order to recover damages under G. L. c. 93 [Massachusetts Regulation of Business Practice and Consumer Protection Act]. ].  Rather, what the plaintiffs must show is a causal connection between the deception and the loss." *Iannacchino v. Ford Motor Co.*, 451 Mass. 623, 631 n. 12 (Mass. 2008) (citing *Slaney v. Westwood Auto, Inc.*, 366 Mass. 688, 703 (Mass. 1975)); *see also Hershenow v. Enterprise Rent-A-Car Co. of Boston, Inc.*, 445 Mass. 790, 800 (Mass. 2006) (plaintiff "need not show actual reliance on the representation") (internal citations omitted). |
| MN | In analyzing reliance under *both* the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.68-69, and the Minnesota False Advertising Act, Minn. Stat. § 325F.67, the Minnesota Supreme Court has explained that reliance may be presumed based on evidence common to the class:<br><br>[I]n cases such as this, where the plaintiffs' damages are alleged to be caused by a lengthy course of prohibited conduct that affected a large number of consumers, the showing of reliance that must be made to prove a causal nexus *need not include direct evidence of reliance by individual consumers of defendants' products*. Rather, the causal nexus and its reliance component may be established by other direct or circumstantial evidence that the district court determines is relevant and probative as to the relationship between the claimed damages and the alleged prohibited conduct. Further, in the context of the certified question, *we reject the view expressed in two federal court decisions that our misrepresentation in sales laws require proof of individual reliance in all actions seeking damages*. To impose a requirement of proof of individual reliance in the guise of causation would reinstate the strict common law reliance standard that we have concluded the legislature meant to lower for these statutory actions.<br><br>*Group Health Plan, Inc. v. Philip Morris, Inc.*, 621 N.W.2d 2, 14-15 (Minn. 2001) (emphasis added); *see id.* at 11 (the court is applies this analysis to both § 325F.67 and. § 325F.68-69). |
| NJ | New Jersey's Consumer Fraud Act (N.J. Stat. Ann. § 56:8-1, *et seq.*) "does not require proof of reliance." *Marcus v. BMW of N. Am., LLC*, --- F.3d ---, 2012 U.S. App. LEXIS 16369, *56-75 (3d Cir. Aug. 7, 2012) (citing *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 607 (N.J. 1997)). |
| NY | In New York, it is well-established that "[i]ntent to defraud and justifiable reliance by the plaintiff are not elements of the statutory claim" under New York State Gen. Bus. Law, § 349. *Small v. Lorillard Tobacco Co.*, 720 N.E.2d 892, 897 (N.Y. 1999); *see also Wilner v Allstate Ins. Co.*, 71 A.D.3d 155, 162 (N.Y. App. Div. 2d Dep't 2010) (quoting same); *Stutman v. Chemical Bank*, 731 N.E.2d 608, 612, (N.Y. 2000) ("reliance is not an element of a [statutory consumer protection] claim."). |

| WA | While the Washington Supreme Court did state that "[w]hether individual reliance is required for causation under the CPA is a 'debatable question without a clear answer under Washington law.'" *Indoor Billboard/Washington, Inc. v. Integra Telecom of Wash., Inc.*, 170 P.3d 10, 21 (Wash. 2007), it later observed that "[m]ost courts have concluded a private right of action under state consumer protection law does not necessarily require proof of reliance, consistently with legislative intent to ease the burden ordinarily applicable in cases of fraud," *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 900 n. 15 (Wash. 2009). |
|---|---|

1050796.4