IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JONATHAN AND TRUDE YARGER, a married couple,

        Plaintiffs,

v.

ING BANK, FSB D/B/A/ ING DIRECT,

        Defendant.

Civil Action No. 11-154-LPS

## MEMORANDUM ORDER

1. Defendant ING Bank, fsb d/b/a ING DIRECT ("ING") moves for reconsideration of the Court's August 27, 2012 Order (D.I. 116) certifying a class. (D.I. 120)

2. Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087,

1

1093 (D. Del. 1991). A motion for reconsideration may be granted only if the movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café ex rel. LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

3. Having reviewed the parties' submissions, the Court concludes that ING has not met the standards for reconsideration.

4. ING first contends that the "contours of this class [i.e., the class the Court certified] are both ambiguous and contrary to the parties' intentions," as the certified class includes "individuals who purchased or **retained**" particular loans. (D.I. 120 at 1) (emphasis added) The Court disagrees. As Plaintiffs observe, the class they moved to certify included individuals who purchased or retained loans. (*See* D.I. 44; D.I. 121 at 3 n.1)

5. ING next contends that the Court "misapprehended material variations between the DCFA and the consumer fraud acts of the other Relevant States." (D.I. 120 at 1; *see also id.* at 3-6) Again, the Court disagrees. Perhaps more importantly, this dispute was the subject of extensive previous briefing and discussion in the Court's earlier opinion. (*See* D.I. 121 at 4 (citing parties' briefing and Court's opinion))

6. Finally, ING contends that the Court accepted Plaintiffs' version of facts which are not, in ING's view, facts. (D.I. 120 at 1; *see also id.* at 6-10) The Court finds nothing in ING's argument providing a basis for granting the relief it seeks.

Accordingly, **IT IS HEREBY ORDERED** THAT:

A. ING's motion for reconsideration (D.I. 120) is **DENIED**.

B. ING's motion for leave to file a reply in further support of its motion for reconsideration (D.I. 125) is **DENIED**. Unless otherwise ordered, briefing on a motion for reconsideration or reargument consists only of the motion and answer; replies are not permitted. *See* D. Del. LR 7.1.5(a) ("The Court will determine from the motion and answer whether reargument will be granted.").

C. The parties shall provide the Court a joint status report, including their proposal(s) for scheduling, no later than **October 15, 2012**.

October 9, 2012

_____
UNITED STATES DISTRICT JUDGE