IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHNATHAN and TRUDE YARGER, and a Class of similarly situated persons, : : : Plaintiffs, : : v. : : ING BANK, FSB D/B/A ING DIRECT, : : Defendant. : | C.A. No. 11-154-LPS |

**MEMORANDUM ORDER**

Pending before the Court is Defendant ING Bank, fsb's ("ING" or "Defendant") Motion for Leave to File an Amended Answer (D.I. 148) and Plaintiffs Johnathan and Trude Yarger's ("Plaintiffs") Motion for Leave to File Sur-Reply to Defendant's Reply in Support of its Motion for Leave to File an Amended Answer (D.I. 160). For the reasons discussed below, the Court will GRANT ING's motion and DENY AS MOOT Plaintiffs' motion.

1. On January 21, 2011, Plaintiffs filed their initial complaint in the Superior Court of the State of Delaware for the County of New Castle, and on February 18, 2011, ING removed the action to this Court. (D.I. 1) On December 8, 2011, the parties stipulated to Plaintiffs filing an Amended Class Complaint. (D.I. 35; D.I. 36) ING filed its Answer to the Amended Complaint on January 9, 2012. (D.I. 39) On August 27, 2012, the Court granted in part Plaintiffs' motion for class certification. (D.I. 115; D.I. 116)

2. On February 26, 2013, ING sought Plaintiffs' consent to file an amended answer to add the affirmative defense of preemption of state law claims by the Home Owners' Loan Act of 1933, 12 U.S.C. § 1461, *et seq.*, and the implementation of the regulations of the Office of Thrift Supervision, 12 C.F.R. § 560.2. (D.I. 149 Ex. A at 1) Plaintiffs stated that they would

agree to an amendment so long as ING understood Plaintiffs' intent to preserve arguments in response to the preemption defense. (*Id.* at 2) After exchanging several emails in an attempt to reach an agreement, Plaintiffs proposed an alternate solution whereby the parties would ask the Court to address the preemption defenses through an early summary judgment motion. (*Id.* at 14) ING refused the proposal and instead filed the present motion on March 12, 2013. (D.I. 148)

3. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." The decision to grant or deny leave to amend lies within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to pleading amendments. *See Dole v. Arco*, 921 F.2d 484, 486-87 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, amendment should be freely granted, unless it would be futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

4. Plaintiffs do not oppose ING's motion to amend to add its preemption defense. (D.I. 153 at 4) Plaintiffs only seek to preserve their right to argue, at the appropriate time, that ING waived such a defense. (*Id.*) Thus, ING's motion to amend under Rule 15(a) is essentially unopposed, and the Court will grant ING's motion for leave. The only question that remains is whether the Court must reach the issue of waiver at this time.

5. The Court will not address the issue of waiver at this stage of the proceedings. Generally, "[i]ssues of waiver involve factual questions concerning the parties' intent, and

therefore, . . . this issue [is not] suited for disposition in the context of a Rule 15(a) Motion." *St. Clair Intellectual Prop. Consultants, Inc. v. Fujifilm Holdings Corp.*, 2009 WL 1649769, at *2 (D. Del. June 10, 2009). Plaintiffs' waiver argument involves factual matters and, therefore, the Court will decline to rule on it at this time. The Court emphasizes that it has not reached any conclusions with respect to waiver or preemption.

Accordingly, IT IS HEREBY ORDERED that ING's Motion for Leave to File an Amended Answer (D.I. 148) is GRANTED and Plaintiffs' Motion for Leave to File a Sur-Reply (D.I. 160) is DENIED AS MOOT.

August 28, 2013  
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE