## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JOHNATHAN and TRUDE YARGER, et al.,

        Plaintiffs,

v.

ING BANK, FSB D/B/A ING DIRECT,

        Defendant.

Civil Action No. 11-154-LPS

### DECLARATION OF BERNARD F. WOOLFLEY
### IN SUPPORT OF DEFENDANT ING BANK'S MOTION TO REDEFINE CLASS

I, BERNARD F. WOOLFLEY, declare as follows:

1. I am a Managing Director in the Disputes and Investigations practice of Navigant Consulting, Inc. ("Navigant"). I am a Certified Public Accountant who has over 20 years' experience as a forensic accountant and financial consultant with extensive experience in the review of damages asserted in litigation. I also hold the designation Certified in Financial Forensics (CFF) and Certified Fraud Examiner (CFE).

2. I submit this declaration in support of Defendant ING's Motion to Redefine Class. I have personal knowledge of the facts set forth herein and, if called upon to do so, could and would competently testify thereto.

3. I was retained by Capital One, N.A., as successor by merger to ING Bank, FSB d/b/a ING Direct ("ING"), to perform a review of certain financial analyses prepared by

Mr. Stephen J. Scherf in this matter. The June 20, 2013 "Expert Report by Stephen J. Scherf, CPA" ("Scherf Report") served by Plaintiffs in this matter is attached as Exhibit A.

4.  Exhibits 1 and 2 to the Scherf Report contain Mr. Scherf's calculations of alleged price change damages, which he classifies as "Class Members Who Paid In Excess Of The Promised Fee To Rate Renew." A total of 12,520 unique loans are identified in these two exhibits. The data in Exhibits 1 and 2 is presented on a transaction-by-transaction basis, and Mr. Scherf identifies which transactions occur with respect to loans that have previously Rate Renewed (his "Duplicate" column). By counting the number of transactions and subtracting all duplicates, there are 12,520 unique loans left that he includes in his price change damage calculations: Exhibit 1 (15,295 loans – 6,427 duplicates) + Exhibit 2 (6,256 loans – 2,604 duplicates) = 12,520.

5.  Among those 12,520 unique loans identified, there are some loans for which no damages are claimed. In such cases, there are no damages claimed because either the borrower paid the Rate Renewal price in effect at the time of loan origination, or when the Rate Renewal price changed to a monthly mortgage payment, that new price was lower than the Rate Renewal price (either $500 or $750) in effect when the borrower earlier originated the loan.

6.  As part of my analysis, I loaded the data from Exhibits 1 and 2 to the Scherf Report into a sortable database, and I analyzed the data to determine the number of loans for which damages are claimed. Those results are explained in the following chart:

|  | Rate Renewed Loans with Damages Claimed | Rate Renewed Loans without Damages Claimed | All Loans |
|---|---|---|---|
|  | Count | Count | Count |
| Exhibit 1 | 8,244 | 624 | 8,868 |
| Exhibit 2 | 3,121 | 531 | 3,652 |
|  |  |  |  |
| Total | 11,365 | 1,155 | 12,520 |

2

7. Based on my analysis, Exhibits 1 and 2 assert damages for 11,365 unique loans. There are 1,155 unique loans without damages.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 30th Day of October, 2013, in Washington, D.C.

_____
BERNARD F. WOOLFLEY