IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHNATHAN and TRUDE YARGER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ING BANK, FSB D/B/A ING DIRECT,<br><br>Defendant. | Civil Action No. 11-154-LPS |

## [~~REVISED PROPOSED~~] ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT

Plaintiffs Johnathan and Trude Yarger ("Class Representatives"), Donna Insalaco, Jeffrey Gerbitz, and Joshua Richman ("Other Plaintiffs"; together with Class Representatives, collectively, "Settlement Class Representatives"), on behalf of themselves and the Settlement Class Members, and Defendant Capital One, N.A. ("Capital One"), successor by merger to ING Bank, FSB (collectively, the "Parties"), have entered into a Settlement Agreement dated on or about April 7, 2014 (the "Settlement Agreement"), providing for the settlement of this and related cases (the "Settlement").

Plaintiffs have moved for, and Capital One has indicated that it does not oppose, entry of this Order which, *inter alia*: (a) conditionally certifies the Settlement Class (defined below) for settlement purposes only; (b) appoints the Settlement Administrator; (c) provides for notice of the Settlement to affected persons in accordance with the terms of the Settlement Agreement; (d) establishes procedures for objections to, and exclusions from, the proposed Settlement; and (e) sets a date for the Fairness Hearing.

Having considered the terms of the Settlement Agreement in light of the issues presented by the pleadings, the record in this case, the complexity of the proceedings, the absence of any

1

evidence of collusion between the Parties, and the experience of Settlement Class Counsel in this matter; and being preliminarily satisfied that the Settlement Agreement is fair, reasonable, and adequate, and being satisfied that the proposed Notice to Settlement Class Members and the plan for the mailing of that Notice is adequate and sufficiently informative as to the terms and effect of the proposed settlement and the conditional certification of the Settlement Class,

IT IS ORDERED THAT:

1. This Court has jurisdiction over the subject matter of this Action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). This Court also has jurisdiction over all parties to this Action, including all members of the Settlement Class, as defined in Paragraph 3, below.

2. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

3. The Parties have agreed to and the Court provisionally certifies the following class for the purposes of settlement (the "Settlement Class"):

> All natural persons who either (a) obtained an Orange Mortgage or Easy Orange Mortgage from ING on or after October 1, 2005 and on or before May 31, 2009, or (b) obtained an Orange Mortgage from ING before October 1, 2005, and performed a Rate Renewal of such mortgage on or after October 1, 2005 and on or before May 31, 2009; provided, however, that the class shall not include any current or former legal representative, officer, director or employee of ING, the judge to whom the Action is assigned, or any member of such judge's immediate family.

4. Based on the Court's review of the Settlement Agreement, the Motion for Preliminary Approval, the supporting brief, declarations of counsel, argument of counsel, and the entire record, the Court finds that certification of the Settlement Class under Fed. R. Civ. P. 23 is appropriate because the Settlement Class is so numerous that joinder would be impracticable, this action presents common issues of law and fact that predominate over any individual questions, the named Plaintiffs and their counsel are adequate representatives of the Settlement Class, and Plaintiffs' claims are typical of the claims of the members of the Settlement Class.

The following counsel are hereby appointed to represent the Settlement Class: Lieff Cabraser Heimann & Bernstein, LLP; Meyer Wilson Co., L.P.A.; Rosenthal, Monhait & Goddess, P.A.; Olsen Law Offices, APC; and Webb & Bordson, APC.

5. Based on the Court's review of the Settlement Agreement, the Motion for Preliminary Approval, the supporting brief, declarations, argument of counsel, and the entire record, the Court finds that the settlement is fair, reasonable, and adequate. The Settlement Class Representatives' motion to preliminarily approve the Settlement and certify the Settlement Class is granted.

6. Within seven (7) days of entry of this order, Plaintiffs shall file any necessary documents to ensure that the *Gerbitz* and *Richman* cases are stayed without prejudice.

7. Also within seven (7) days of entry of this order, Plaintiffs shall file an amended complaint (the "Second Amended Complaint"), in the form attached as Exhibit 7 to the Settlement Agreement, which adds the Other Plaintiffs as party-plaintiffs. The filing of the Second Amended Complaint is solely for purposes of effectuating the Settlement, and Capital One's deadline to file an Answer or otherwise respond to the Second Amended Complaint is hereby stayed pending further order of the Court.

8. BrownGreer, PLC is appointed Settlement Administrator. By accepting this appointment, the Settlement Administrator has agreed to be subject to this Court's jurisdiction solely for purposes of enforcement of the Settlement Administrator's obligations under the Settlement Agreement.

9. The Settlement Administrator shall mail the Notice of the proposed settlement in the manner described in sections 3.4 through 3.5 of the Settlement Agreement. Such notice shall be substantially in the form of Exhibit 2 to the Settlement Agreement. Non-substantive changes may be made to the Notice by agreement of the Parties without further order of this Court.

10. The Settlement Administrator shall also send the Email Notice, in the manner described in section 3.4.2 of the Settlement Agreement, to those Settlement Class Members who have supplied an email address to Capital One. Such email shall be substantially in the form of

3

Exhibit 6 to the Settlement Agreement. Non-substantive changes may be made to the Email Notice by agreement of the Parties without further order of this Court.

11. The Court finds and determines that the method of providing notice to Settlement Class Members specified in sections 3.4 through 3.6 of the Settlement Agreement and the manner of providing for opt-outs specified in section 3.8 of the Settlement Agreement are reasonable and appropriate, and satisfy the requirements of due process and the Federal Rules of Civil Procedure.

12. The Settlement Administrator is directed to file with the Court no later than September 23, 2014 [14 days prior to the Fairness Hearing], a sworn declaration (a) confirming that the Settlement Class Members' addresses were updated, and that the Notice was provided to all Settlement Class Members, as required by sections 3.4 and 3.5 of the Settlement Agreement; (b) providing an accurate list of persons who opted out of the Settlement Class pursuant to section 3.8.1 of the Settlement Agreement; and (c) providing an accurate list of persons who are deemed to have opted out of the Settlement Class pursuant to section 3.8.2 of the Settlement Agreement.

13. If the Court does not enter the Final Judgment of the Settlement attached as Exhibit 3 to the Settlement Agreement without material modification, or if the Final Judgment is reversed in whole or in part on appeal, certification of the Settlement Class will be vacated and the Parties will be returned to their positions *status quo ante* with respect to the Cases as if the Settlement had not been entered into. In the event that the Settlement does not become effective for any reason, (a) any Court order preliminarily or finally approving the certification of any class contemplated by the Settlement and any other orders entered pursuant to the Settlement Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion or for any other purpose; (b) the Settlement Agreement will become null and void and the fact of the Settlement, that Capital One did not oppose the certification of any class under the Settlement, or that the Court preliminarily approved the certification of a settlement class, shall not be used or cited thereafter by any person or entity for any purpose, including in

any contested proceeding relating to the certification of any class; (c) the Second Amended Complaint filed in the Action following entry of this order shall be automatically deemed withdrawn by the Plaintiffs; and (d) the fact that the Plaintiffs filed the Second Amended Complaint, and/or that Capital One stipulated to the filing thereof for purposes of effectuating this Settlement, shall not be used or cited thereafter by any person or entity for any purpose, including in the event that the Plaintiffs subsequently attempt to amend the Complaint in this Action. In addition, if the Final Judgment is reversed in whole or in part on appeal, the release of claims set forth in section 5 of the Settlement Agreement shall be rescinded.

14. All materials and information provided by Capital One to Settlement Class Counsel or the Settlement Administrator with respect to the members of the Settlement Class may be used only for purposes of providing the Notice to Settlement Class Members or administering the Settlement and for no other purpose whatsoever. Settlement Class Counsel and the Settlement Administrator are directed to limit access to such materials and information to those persons who have a need to know such information to provide the Notice to the Settlement Class. Any person involved in providing the Notice to Settlement Class Members (other than the Parties' counsel and their staffs) shall, before receiving any materials or information provided by Capital One to Settlement Class Counsel or the Settlement Administrator with respect to the members of the Settlement Class, sign Exhibit A to the protective order previously entered in this case (D.I. 79), undertaking to be bound by the terms thereof.

15. A hearing ("Fairness Hearing") shall be held before this Court on the date established in paragraph 25 hereof to hear objections and determine (i) whether the proposed Settlement and compromise of this Action as set forth in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class Members and should be approved by the Court; (ii) whether the Final Judgment should be entered approving the Settlement and dismissing the Action, on the merits and with prejudice; (iii) whether the release of claims, as set forth in the Settlement Agreement, should be approved; (iv) the amount of attorneys' fees and expenses reasonably incurred in prosecution of the litigation to be paid to Class Counsel; (v) the amount of

the service payment to be paid to the Class Representatives and Other Plaintiffs; and (vi) such other matters as the Court may deem appropriate.

16. [Deliberately Omitted.]

17. Any interested person who has neither opted out of the Settlement Class nor been deemed to have opted out of the Settlement Class may appear at the Fairness Hearing to show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate; provided, however, that no person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement unless that person has (i) filed with the Court a written objection and any supporting papers or briefs on or before the date established in paragraph 25 hereof, (ii) stated in the objection that he or she intends to appear at the Fairness Hearing, either in person or through counsel, and (iii) served, so that they are postmarked no later than the last date for filing established in paragraph 25 hereof, copies of such papers on counsel at the following addresses:

**To Counsel for Plaintiff:**

Matthew R. Wilson, Esq.
Meyer Wilson Co., LPA
1320 Dublin Road
Columbus, OH 43215

**To Counsel for Capital One:**

Leah S. Getlan, Esq.
Capital One, N.A.
1680 Capital One Drive
Mail Stop 19050-1204
McLean, VA 22102

With a copy to:

James F. McCabe. Esq.
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105-2482

All properly submitted Objections shall be considered by the Court. Any Settlement Class Member who does not submit an Objection in the manner provided above shall be deemed to have waived any objection to the Settlement and shall forever be foreclosed from making any objection to class certification, to the fairness, adequacy or reasonableness of the Settlement, and to any attorneys' fees and reimbursements approved by the Court.

18. Settlement Class Counsel's request for approval of attorneys' fees, costs, and reimbursement of expenses shall be filed on or before the date established in paragraph 25 hereof.

19. All memoranda, declarations, and other evidence in support of the request for Final Approval shall be filed on or before the date established in paragraph 25 hereof.

20. All proceedings in this Action other than such as may be necessary to carry out the terms and conditions of this Order or the responsibilities incidental thereto are stayed and suspended as between the Class Representatives and Capital One until further order of the Court.

21. To preserve the status quo pending this Court's determination on whether to approve the proposed Settlement, IT IS HEREBY ORDERED under 28 U.S.C. § 1651 and Rule 23 of the Federal Rules of Civil Procedure that:

> Except as expressly provided in the Settlement Agreement, the Settlement Class Members are temporarily enjoined from commencing, continuing or taking any action in any judicial proceeding in any state or federal court or any other judicial or arbitral forum against ING with respect to any of the Released Claims.

This injunction will terminate at the time the Court determines whether to approve the class certification and proposed Settlement (unless converted into a permanent injunction in the Order approving the Settlement) and, prior to that time, any request for relief from the injunction shall be made to this Court.

22. This Order is intended to immediately stop all litigation involving the claims released by the Settlement Agreement in all courts and other judicial and arbitral tribunals throughout the United States. Any individual who wishes to object to, or comment on, this Settlement or certification will have the opportunity to be heard at the Fairness Hearing scheduled by this Court.

23. The Court expressly reserves its right to adjourn the Fairness Hearing from time to time without further notice other than to counsel of record and to approve the proposed

Settlement and request for approval of attorneys' fees and expenses at or after the originally scheduled Fairness Hearing.

24. The Court retains exclusive jurisdiction over the Action and all matters arising out of or connected with the proposed Settlement.

25. Pursuant to this Order, the schedule for dissemination of Notice, requesting exclusion from or objecting to the proposed Settlement, briefing, and the Fairness Hearing, is as follows:

| | | |
|---|---|---|
| Deadline for mailing Notice | June 23, 2014 | (approx. 45 days after entry of Preliminary Approval Order) |
| Deadline for filing Class Counsel's Fee Brief | August 29, 2014 | (14 days prior to objection deadline and at least 35 days prior to Fairness Hearing) |
| Deadline for Settlement Class Members to opt out | September 5, 2014 | (61 days after deadline for mailing Notices and 30 days prior to Fairness Hearing) |
| Deadline for objections to proposed Settlement | September 16, 2014 | (70 days after deadline for mailing Notices and at least 21 days prior to Fairness Hearing/approx. 115 days after entry of Preliminary Approval Order) |
| Deadline for filing Brief in Support of Final Approval | September 23, 2014 | (14 days prior to Fairness Hearing) |
| Deadline for filing responses to objections to proposed Settlement | Sept 30, 2014 | (7 days prior to Fairness Hearing) |
| Fairness Hearing | October 7, 2014 at 4:00 p.m. | |

IT IS SO ORDERED.

Date: May 7, 2014

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE