IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Johnathan and Trude Yarger, a married couple, Donna Insalaco, Jeffrey Gerbitz, and Joshua Richman, | Case No. 11-154-LPS |
| Plaintiffs, | |
| v. | |
| Capital One, N.A., successor by merger to ING Bank, F.S.B., d/b/a ING Direct, | |
| Defendant. | |

**DECLARATION OF JEFFREY S. GODDESS IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES, COSTS, AND
CLASS REPRESENTATIVE SERVICE PAYMENTS**

JEFFREY S. GODDESS declares as follows:

1.     I am a partner of the law firm of Rosenthal, Monhait & Goddess, P.A.  I submit this declaration in support of the Motion For Attorneys' Fees, Costs and Class Representative Service Payments, which motion seeks an award of attorneys' fees in connection with services rendered by Plaintiffs' counsel in the above-captioned litigation (the "Litigation")[1], as well as for reimbursement of expenses incurred by Plaintiffs' counsel in connection with the Litigation.

2.     My firm served as Plaintiffs' Delaware counsel from the inception of the Litigation through settlement.  Our activities on behalf of the Class included, but were not limited to: participation in formulating the initial complaint and subsequent revisions; discovery practice and related briefing; class certification and related briefing; and, throughout, liaison with

---

[1] The Litigation previously progressed as two separate cases, *Yarger et al v. ING Bank fsb,* C.A. No. 11-154 LPS ("Yarger") and *Gerbitz v. ING Bank fsb,* C.A. No. 12-1670 LPS ("Gerber").  In connection with the settlement of the Litigation, the Gerber Action was dismissed and an amended complaint was filed in the *Yarger Action* which included the plaintiff in *Gerber.*

the Court and with Defendant's Delaware counsel on matters of scheduling, extension requests, and procedural disputes.

3.     The schedule attached hereto as Exhibit B is a summary indicating the amount of time spent by each attorney in my firm who was involved in the Litigation, and the lodestar calculation based on my firm's current billing rates.   The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm, which are available at the request of the Court.   Time expended in preparing Plaintiffs' Motion For Attorneys' Fees And Costs has not been included in this request.

4.     The total number of hours expended on this Litigation by my firm from its inception through and including August 18, 2014, is 254.6.  The total lodestar for my firm for that period is $115,910.

5.     Expense items are tracked and billed separately, and such charges are not duplicated in my firm's billing rates.  As detailed in the schedule attached hereto as Exhibit C, my firm has incurred a total of $5,724.12 in unreimbursed expenses in connection with the prosecution and resolution of this Litigation.

6.     The expenses incurred in this Litigation are reflected on the books and records of my firm.  These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.

7.     With respect to the standing of my firm, attached hereto as Exhibit A is a brief biography of my firm and the attorneys principally involved in the Litigation.

I declare, under penalty of perjury, that the foregoing facts are true and correct.

Executed on this 29th day of August, 2014.

JEFFREY S. GODDESS

## EXHIBIT A

*Yarger et al v. ING Bank fsb, C.A. No. 11-154 LPS*
*Gerbitz v. ING Bank fsb, C.A. No. 12-1670 LPS*

## ROSENTHAL, MONHAIT & GODDESS, P.A.

Rosenthal, Monhait & Goddess, P.A. devotes a substantial portion of its practice to the representation of class action plaintiffs, primarily in the District of Delaware and in Delaware state courts. Recent examples of such cases in which the firm has participated are the following:

(1)   *In re Heckmann Corporation Securities Litigation*, D.Del. C.A. No 10-378-LPS-MPT (D. Del). The firm served as co-lead counsel in class action asserting federal securities claims on behalf of purchasers and holders of *Heckmann Corporation* securities. The Court approved a $27,000,000 settlement on June 26, 2014.

(2)   *Local 731, et al. v. David C. Swanson*, D. Del. C.A. No 09-cv-00799-MMB (D. Del). The firm served as liaison counsel in a class action asserting federal securities law claims on behalf of purchasers of R.H. Donnelley Corporation stock. The Court approved a $25,000,000 million settlement on June 19, 2012.

(3)   *In re Metoprolol Succinate Antitrust Litigation*, D. Del. C.A. No. 06-52-MPT. The firm served as Liaison Counsel in antitrust class action on behalf of direct purchasers of Toprol-XL against AstraZeneca Pharmaceuticals LP. The Court approved a $20,000,000 settlement on February 21, 2012.

(4)   *In re Adams Golf, Inc. Securities Litigation*, D.Del. C.A. No 99-371–GMS. The firm served as liaison counsel in a class action asserting federal securities law claims on behalf of purchasers of the defendant corporation's stock. The Court approved a settlement on June 17, 2010 which included the payment of $17,750,000 to the class.

(5)      *In re Marsh & McLennan Companies, Inc. Derivative Litigation*, Del. Ch. Consol. C.A. No. 753-VCS (2010).  The firm was Delaware counsel in this derivative action alleging that officers and directors of Marsh & McLennan and its subsidiary, Marsh, breached their fiduciary duties and exposed the companies to huge government penalties by permitting Marsh to receive kickbacks and to steer clients' business to insurers that paid Marsh commissions.  Plaintiffs' counsel successfully staved off a motion to dismiss and the suit resulted in defendants' insurers paying $225 million.  Defendants also agreed to corporate governance reforms to prevent the reoccurrence of such actionable wrongs in the future.

(6)      *In re TriCor Direct Purchaser Antitrust Litig*ation., D. Del. C.A. No. 05-340 (SLR).  The firm served as Delaware counsel in this class action brought by direct purchasers of cholesterol-lowering drugs pursuant to the Hatch-Waxman Act.  The case involved novel issues and resulted in a $250 million settlement.

(7)      *In the Matter of the Philadelphia Stock Exchange, Inc.*, 945 A.2d 1123 (Del. 2008).  The firm participated in the representation of minority shareholders of a securities exchange who challenged investment transactions as unfairly dilutive of their interests. Shortly before trial, the parties agreed on a settlement valued at more than $90 million.  The Court of Chancery approved the settlement, and the Delaware Supreme Court affirmed.

(8)      *In re VERITAS Software Corp. Securities Litigation*, D. Del. No. 04-831-SLR, 2006 WL 1431209 (D. Del. May 23, 2006).  The firm served as liaison counsel in a class action asserting federal securities law claims on behalf of purchasers of the defendant corporation's stock.  The Court approved a $21.5 million settlement on August 5, 2008.

*   *   *

5

The firm attorneys involved in this Litigation were Jeffrey S. Goddess and P. Bradford deLeeuw.

**JEFFREY S. GODDESS**

Mr. Goddess is a graduate of Brown University (A.B. 1967) and University of Chicago Law School (J.D. 1971).  After graduation, he began private law practice in a Wilmington, Delaware firm specializing in the insured defense of negligence cases, and there received extensive trial experience.  He was then appointed as City Solicitor for the City of Wilmington, serving for five years, 1997 through 1981.  Mr. Goddess returned to private practice, opening the Wilmington office of Saul, Ewing, Remick & Saul, a large Philadelphia-based general practice firm.  While there, from 1982-1991, Mr. Goddess began his involvement with corporate and commercial litigation.  Mr. Goddess joined the predecessor of what is now Rosenthal, Monhait & Goddess, P.A. in October, 1991, and since then has given increased focus on class action litigation.

Apart from the practice of law, from 1975 to 1979, Mr. Goddess served as an associate member of the Delaware Supreme Court Censor Committee, the entity then responsible for attorney discipline.  In 1980-81, while serving as Wilmington City Solicitor, he was a trustee of the governing board of the National Institute of Municipal Law Officers.  From 1995 to 2000, he chaired the Delaware State Bar Association's Administration of Justice Committee, and from 1996 to 2000, he was a board member of the Delaware Trial Lawyers Association.

**P. BRADFORD DELEEUW**

Mr. deLeeuw is a graduate of Wake Forest University (1993) (B.A. – Economics), Washington and Lee University School of Law (1996) (J.D.) and Georgetown University School of Law (2000) (L.L.M., Securities and Financial Regulation, *with distinction*). Mr. deLeeuw's

practice focuses on corporate and federal securities class action litigation.  Prior to joining the firm, Mr. deLeeuw was associated with Grant & Eisenhofer, P.A., where he represented institutional investors in federal securities litigations, including, *In re Stone & Webster Sec. Litig.*, 414 F.3d 187 (1st Cir. 2005) and *In re Tyco International, Ltd. Securities Litigation*, No. 02-1335 (D.N.H.).   Mr. deLeeuw has also represented clients seeking to foster corporate governance reforms in no-action proceedings before the U.S. Securities and Exchange Commission and advised clients with respect to diverse securities law issues, including disclosure and regulatory reporting requirements. Mr. deLeeuw is admitted to practice law in Delaware and New York.

**EXHIBIT B**

*Yarger et al v. ING Bank fsb, C.A. No. 11-154 LPS*
*Gerbitz v. ING Bank fsb, C.A. No. 12-1670 LPS*

**ROSENTHAL, MONHAIT & GODDESS, P.A.**

**<u>LODESTAR REPORT</u>**

Time Period:  Inception through August 18, 2014

| NAME | HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|
| **Attorneys** | | | |
| Jeffrey S. Goddess | 134.0 | $460 | $61,640.00 |
| P. Bradford deLeeuw | 120.6 | $450 | 54,270.00 |
| | | | |
| | | | |
| | | | |
| **TOTAL** | **254.6** | | **$115,910.00** |

8

## EXHIBIT C

*Yarger et al v. ING Bank fsb, C.A. No. 11-154 LPS*
*Gerbitz v. ING Bank fsb, C.A. No. 12-1670 LPS*

### ROSENTHAL, MONHAIT & GODDESS, P.A.

#### EXPENSE REPORT

| CATEGORY | AMOUNT |
|---|---|
| Court fees | $ 700.00 |
| On-Line legal research | 2,741.06 |
| Pacer fees | 240.90 |
| LexisNexis charges | 530.00 |
| Postage & Federal Express | 26.28 |
| Courier services | 304.00 |
| Internal copying costs | 1,109.80 |
| Service of process fee | 30.00 |
| Teleconference fee | 42.08 |
| | |
| | |
| **TOTAL EXPENSES:** | $5,724.12 |